IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 06-10251-04-WEB |
| | ) | |
| BRYANT SIMMONS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

The Defendant is before the court for a supervised release violation hearing. Defendant originally entered into a plea agreement in which he plead guilty to distribution of cocaine base, in violation of 21 U.S.C. § 841(a). He was sentenced to 30 months imprisonment. His sentence was reduced to 24 months after the sentencing guidelines were amended, and deemed retroactive. A three year term of supervised release was imposed.

Defendant was released on August 2, 2008 to begin his term of supervised release. Defendant violated the terms of his supervised release, and on March 4, 2009, Defendant was sentenced to time served, followed by 36 months of supervised release.

On May 27, 2009, the court found the defendant had violated the terms of his supervised release, and ordered the Defendant to serve fourteen months imprisonment, followed by one year supervised release.

Defendant is again before the court on allegations he violated the terms of his supervised release. The Government alleges: (1) Defendant violated the standard condition that he shall not commit another crime, by illegally possessing a controlled substance; (2) Defendant did not participate in drug counseling and treatment; and (3) the Defendant did not notify the probation

1

office of a change in his address.

Defendant admitted to the use and possession of controlled substances, but denied he violated the other conditions of supervision. Probation Officer Roderick Freeman testified. Evidence presented to the court showed that Defendant has been charged with a new crime in Jackson County, Missouri for Possession of PCP. Defendant tested positive for PCP and marijuana on July 29, 2010 and August 19, 2010. Defendant checked into treatment on September 7, 2010, and was set to discharge on September 28, 2010. On September 29, 2010, Mr. Freeman had not heard from the Defendant. Upon contacting the treatment facility, he was told that Defendant was discharged for rules violation - having a female resident in his room. Mr. Freeman also stated that the Defendant tested positive while in treatment, on the date he was admitted, on September 15, 2010, and on September 21, 2010. Defendant's levels were higher on September 21, 2010 then on September 15, 2010, contradicting Defendant's argument that his levels were decreasing while in treatment. Mr. Freeman testified that, pursuant to his training, there is no medication that would alter the reading of PCP in a drug test, and that PCP only stayed in the system for approximately 72 hours. Mr. Freeman testified that Defendant did not contact him when he was released from the treatment facility. This was significant because the Defendant was on electronic monitoring, and the system would need to be installed. Mr. Freeman did not have any information or documentation that Defendant completed treatment.

The district court may revoke a term of supervised release if the court finds by a preponderance of the evidence that the defendant violated a condition of his supervised release. 18 U.S.C. § 3583(e)(3). The evidence before the court shows the Defendant violated the terms of his supervised release. Although the Defendant argues that he completed drug treatment,

2

there is no evidence before the court in support of the assertion.  The Defendant has not provided documentation or testimony by a drug counselor.  Defendant argues that after he was removed from inpatient treatment he completed the program through outpatient treatment.  Again, there is no evidence to support this conclusion.  Defendant argues that he returned back to his prior residence after leaving treatment, therefore, he did not violate the terms of his supervision by failing to contact his probation officer.  However, testimony from the probation officer shows that there was no contact from the Defendant to the probation officer after he was removed from the inpatient treatment program, therefore, the electronic monitoring system was not installed.

The court shall impose a sentence that is "sufficient but not greater than necessary" to meet the objectives of sentencing.  18 U.S.C. § 3553(a).  The court has considered the factors set forth in 18 U.S.C. § 3553, the guideline range, the policy statements, the nature and circumstances of the offense, the defendant's history and characteristics, as well as the need for the sentence imposed to reflect the seriousness of the offense, provide just punishment, deter criminal conduct, and protect the public from further crimes of the defendant.  This is the Defendant's third time before the court on violations of supervised release.  The Defendant has not taken advantage of the opportunities presented to him during supervised release; he continued to use illegal substances; and did not maintain contact with his probation officer in regard to police contact, unsuccessful completion of drug treatment, and change of residence.

A sentence of 9 months is an appropriate sentence in this case.  No supervised release term is imposed.  The sentence imposed will provide just punishment while affording adequate deterrence to further criminal conduct.

The Probation Officer in charge of this case shall see that a copy of this order is made

available to the Bureau of Prisons.

SO ORDERED this 20th day of December, 2010.


 s/ Wesley E. Brown
Wesley E. Brown
Senior U.S. District Judge